## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## AT KANSAS CITY, KANSAS

| | |
|---|---|
| MARICELA ZARAGOZA NAVARRO, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>ADVANCE STORES COMPANY, INC.; )<br>)<br>Defendant. )<br>_____) | Case No. |

## COMPLAINT

COMES NOW plaintiff, by and through counsel, Bradley A. Pistotnik and William L. Barr, Jr., of Brad Pistotnik Law, P.A. and for her claims against Defendant, alleges and states:

## COUNT I – GENERAL ALLEGATIONS OF FACTS

1. Plaintiff Maricela Zaragova Navarro (Plaintiff) is a resident of Gladstone, Clay County, Missouri.

2. This Court has proper venue and jurisdiction over the persons and subject matter.

3. Defendant, ADVANCE STORES COMPANY, INC. (ADVANCE), is a foreign corporation with a principal place of business located at 5008 Airport Road, Roanoke, VA. 24012 and may be served with process through the office of its registered agent, National Registered Agents, Inc. of KS located at 112 SW 7th Street, Suite 3C, Topeka, KS 66603.

4. For all allegations in this Complaint, Patrick Di Santo (Driver) was employed by Defendant, ADVANCE, and was acting within the course and scope of his employment for Defendant, ADVANCE at the time and moment of this accident. His actions and omissions are the actions

and omissions of Defendant, ADVANCE, under the doctrines of Respondeat Superior and Vicarious Liability.

5.  This action is brought pursuant to 28 U.S.C. Section 1332(a) on the basis of diversity of citizenship. The matter is in excess of the sum of Seventy-Five Thousand and no/100 Dollars ($75,000.00) exclusive of interest and costs.

6.  On or about the 1st day of May, 2018, Patrick Di Santo (Driver) was acting in the course and scope of employment for Defendant, ADVANCE, and was operating a motor vehicle owned by his employer, Defendant, ADVANCE. Driver was driving North on Oak Street at or near the intersection of East 10th in Newton, Harvey County, Kansas when he negligently and carelessly ignored westbound traffic approaching the intersection on East 10th, and failed to yield right-of-way at a "yield" sign for northbound traffic on Oak Street, including the Plaintiff, who was traveling lawfully through the intersection, thereby proximately causing an accident and injuries and damages to the Plaintiff.

7.  The driver, Patrick Di Santo, told the investigating police officer at the scene of the crash that he was working for Defendant, ADVANCE, and that the vehicle he was operating was owned by Defendant, ADVANCE.

8.  Newton Police Officer, Charles Shell, wrote on the first page of the Kansas Motor Vehicle Accident Report that V2 (Driver) struck V1 (Plaintiff) causing a rollover traffic collision.

9.  The same accident report indicates that Officer Shell opined that the contributing circumstances causing the accident for D2 (Driver) was being inattentive under category 30 of the code sheet for accidents.

10. Upon information and belief, prior to May 1st 2018 driver, Patrick Di Santo, was hired to be

2

a driver for Defendant, ADVANCE, without a background check, criminal background check or MVR check on all three of his different State driver's licenses in Kansas, New York and Florida.

11. Lexis public records identify that Patrick Di Santo (Driver) has been issued multiple driver's licenses in three states. The police report is attached as **Exhibit A** and indicates that Driver has a Kansas driver's license. However, **Exhibit B** from Lexis establishes that Driver has driver's licenses issued in the State of Florida and the State of New York.

12. **Exhibit C** contains excerpts from a Lexis public database search on Driver Patrick Di Santo. The Lexis search indicates that he has at least 10 alias name with one of them being Patrick R. Disanto. Another is Patrick Disanto. The excerpts provide evidence that Driver Patrick Di Santo has multiple offenses and convictions related to fraudulent application for a driver's license in other states. They are:

A. On 1-18-18 Driver was charged with an offense for violating Statute or Ordinance 837.012 from Sarasota, Florida for Perjury – Not in Official Proceeding;

B. On 07-31-2013, Driver was charged with a Criminal Felony in Bradenton, Florida for False Statement in Obtaining Driver's License or Identification Card and was convicted of a Felony on 12-1-17;

C. On -7-31-13, Driver was charged with a Criminal Felony of the Third Degree in Pensacola, Florida for False Statement in Obtaining a Driver's License or Identification Card and was convicted of a Third Degree Felony on 09-24-13;

D. **Exhibit C** provides multiple arrests for similar offenses all dealing with False Statements to Obtain a Driver's License showing more than 6 arrests for similar violations in Florida.

13. At the time and moment of the hiring of Driver by ADVANCE, a similar background search could have been appropriately performed which would have provided all of the arrests and

3

convictions for Driver which would likely have led to not hiring Patrick Di Santo to drive for Defendant ADVANCE.

14. On May 1st 2018, Driver, Patrick Di Santo, only presented a Kansas driver's license at the scene of the crash to the Officer Shell. A copy of the police report is attached as **Exhibit A.**

15. Upon information and belief, Driver, Patrick Di Santo, was hired, trained, dispatched, monitored and supervised by Defendant, ADVANCE, without a background check on his criminal background, his MVR and his fraudulent applications for drivers' licenses in the State of Florida with false and fraudulent information.

16. The motor vehicle owned by Defendant, ADVANCE, and driven by Driver, Patrick Di Santo, that was involved in this collision, was dispatched, supervised, monitored, operated, and controlled by the fleet management of Defendant, ADVANCE.

17. Upon information and belief, Defendant, ADVANCE negligently has a routine business practice of negligently failing to perform background checks on driver's licenses held by driver applicants.

18. Upon information and belief, Defendant, ADVANCE, negligently has a business routine practice of negligently failing to perform criminal background checks on driver applicants.

19. Upon information and belief, Defendant, ADVANCE, negligently has a routine business practice of negligently hiring unsafe and untrained drivers to drive negligently and carelessly; by negligently failing to train drivers on accident avoidance techniques, hazard perception techniques and defensive driving techniques and by negligently failing to use fleet management training systems similar to the Smith System ®, the J.J. Keller and Company. Inc. defensive driving systems or by using the National Safety Council's Fleet

4

Safety system entitled, *Dynamics of Fleet, The Fleet Excellence Process, Instructor Manual* attached as **Exhibit D**.

20.   The driver's license and criminal record of its Driver are attached as **Exhibits B and C.** They are incorporated in their entirety to provide evidence that Defendant, ADVANCE, negligently made no effort to verify the driving history, driver's licensure history and the criminal background history of Driver, Patrick Di Santo.

21.   Witnesses in this case will include the Plaintiff from Gladstone, Missouri as well as numerous management and safety personnel in the State of Virginia where Defendant ADVANCE has its principal place of business.

## COUNT II – NEGLIGENCE CLAIMS

22.   The Plaintiff incorporates all preceding allegations in paragraphs one (1) through twenty-one (21) as if though fully set forth herein.

23.   The actions and omissions of Driver, Patrick Di Santo, are the actions and omissions of Defendant, ADVANCE, under the doctrines of Respondeat Superior and Vicarious Liability and are negligent and careless for the following reasons:

   A.   Failure to yield right-of-way to a yield sign where moving traffic was present;

   B.   Failure to stop for traffic approaching a controlled intersection;

   C.   Failure to comply with and follow the minimum industry standards of care and safety for the parts delivery industry**;**

   D.   Failure to keep a proper lookout;

   E.   Inattentive operation of a motor vehicle;

   F.   Failure to exercise ordinary and reasonable care;

5

G.  Incompetent operation of a motor vehicle;

H.  Failure to stop for traffic approaching an intersection;

I.   Failure to take evasive action;

J.   Violation of laws, statutes, ordinances and regulations of the State of Kansas, Harvey County and the City of Newton;

K.  Other actions and omissions which will be supplemented upon receipt and completion of discovery;

## COUNT III – NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION

24. The plaintiff incorporates all preceding allegations in paragraphs one (1) through twenty-three (23) above, as if though fully set forth herein.

25. The actions and omissions of Defendant, ADVANCE, were additionally negligent and wanton for the following reasons:

26. Negligent hiring, retention, supervision, and training of the driver and all supervisory managers above the driver;

27. Defendant, ADVANCE, and their respective agents, employees and representatives were careless and negligent and wanton for negligent hiring, training, supervision, and retention of the Driver and his supervisory personnel.  Defendant negligently and/or wantonly hired unfit employees and agents and then failed to properly train, supervise, and monitor them and additionally retained employees and agents that were not performing their jobs properly or adequately. This includes, but is not limited to, the Driver and his supervisory personnel. Defendant has an obligation to use reasonable care in selecting and retaining

6

their employees, agents, and independent contractors, and was negligent in hiring, selection, training, monitoring and retaining their employees, agents, and independent contractors, including, but not limited to Driver.  Defendants negligently and wantonly failed to use reasonable care in the hiring, selecting, training, monitoring, and retention of their employees and agents, including, but not limited to the Driver, including the failure to do background checks including past MVR checks for all licenses of the Driver in Kansas, New York and Florida; for failing to do criminal background checks; and for other necessary background screening of any new applicant driver. The background checks would have revealed the evidence set forth in the preceding allegations in Count I and in **Exhibits B and C.** Defendant knew or reasonably should have known that they were not hiring safe and competent drivers, employees and agents and negligently and wantonly violated their duty to hire only safe and competent employees.  Defendant knew or reasonably should have known that its Driver, employees and agents, including, but not limited to Driver, created and were an undue risk of harm to Plaintiff, and negligently and wantonly failed to perform necessary background checks of Driver. Defendant additionally failed to train, test, road test and otherwise train Driver. Defendant additionally failed to supervise their Driver and his supervisory personnel.

28. A reasonable criminal, MVR and driver's license background check would have revealed that this Driver had licensure problems and criminal felonies related to his driver's license that would make an ordinary and reasonably prudent employer refrain from hiring this particular Driver to deliver parts and drive on highways and roadways on behalf of ADVANCE.

29. Upon information and belief, after this accident. the Defendant negligently and/or wantonly failed to conduct preventability studies and post-accident investigations to help prevent future accidents related to the hiring of delivery drivers with bad driver's license backgrounds and with criminal backgrounds related to driving privileges and driver's licenses.

30. Upon information and belief, the Defendant negligently and wantonly failed to warn, suspend, terminate or retrain Defendant's Driver after this accident thereby ratifying his negligent and wanton conduct either expressly or impliedly.

31. Defendant's hiring, training, monitoring, supervision, and retention of unsafe and incompetent employees, agents, and independent contractors including the Driver and his supervisory personnel proximately caused the injuries to plaintiff.

32. Defendant was further negligent in its hiring, training, supervision and retention of Driver by failing to follow appropriate dynamics, elements and protocols of a Fleet Safety Program as taught by the National Safety Council, in their literature entitled, *Dynamics of Fleet Safety, The Fleet Excellence Process, Instructor Manual,* a copy of which is incorporated herein as **Exhibit D.**

33. Defendant's hiring practices were further negligent and wanton for failing to create and implement a proper safety program that would require the driver to be comprehensively tested in written form to determine that he has a comprehensive understanding of appropriate defensive driving skills;

34. Defendant failed to test the driver their motor vehicle for alcohol and drug consumption after this accident;

35. For other actions and omissions that will be supplemented after the receipt of full and complete discovery in this case.

## COUNT IV – ACTUAL COMPENSATORY DAMAGES AND PUNITIVE DAMAGES

36. The plaintiff incorporates all preceding allegations in paragraphs one (1) through thirty-five (35) as if though fully set forth herein.

37. As a further proximate result of the negligent and wanton conduct of Defendant and its Driver and Supervisory and Management personnel, as aforesaid, Plaintiff has received injuries to her body, including, but not limited to: her cervical, thoracic and lumbar spine; her left shoulder; her jaw and temporal-mandibular joint; she has undergone epidural injections into her cervical spine; she has undergone cervical spine surgery. She has radiculopathy with numbness, pain, paresthesias and radiation into her arms and hands; she has undergone pain management treatment and epidurals; physical therapy, has had to have medications to relieve pain and inflammation, and is getting ready to start post-surgery physical therapy; may have had aggravation to a pre-existing condition, and was otherwise injured. Plaintiff has been damaged with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement, and permanent disability.  In the future the plaintiff will suffer with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement, and permanent disability. For the aforementioned damages, Plaintiff has been damaged in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

9

38. As a result of the wanton hiring practices of Defendant ADVANCE by failing to do background checks, criminal background checks and driver's license and MVR checks, as aforesaid, the plaintiff is entitled to punitive damages. Plaintiff has been damaged in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

WHEREFORE, the Plaintiff prays for judgment against Defendant, ADVANCED, for all damages allowed under Kansas law as actual compensatory damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for interest allowed by law, for punitive damages in an amount excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for costs herein, and for such other and further relief as the Court deems just and equitable.

**BRAD PISTOTNIK LAW, P.A.**

/s/ *Bradley A. Pistotnik*
Bradley A. Pistotnik #10626
William L. Barr, Jr. #26775
10111 E. 21st Street North, Suite 204
Wichita, KS 67206
316-684-4400, Fax: 316-684-4405
Brad@bradpistotniklaw.com
Bill@bradpistotniklaw.com

## DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL

COMES NOW the plaintiff and demands a Pretrial Conference and a trial by jury in this matter.

## DESIGNATION FOR PLACE OF TRIAL

COMES NOW the plaintiff and designates Kansas City, Kansas as the place for trial in this matter.

**BRAD PISTOTNIK LAW, P.A.**

/s/ *Bradley A. Pistotnik*
Bradley A. Pistotnik #10626
William L. Barr, Jr. #26775
10111 E. 21st Street North, Suite 204
Wichita, KS 67206
316-684-4400, Fax: 316-684-4405
Brad@bradpistotniklaw.com
Bill@bradpistotniklaw.com

11